IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00069-MSK-KLM

DANIEL PETERSEN,

    Plaintiff,

v.

LEONARD STEINKE, and
WOLF AUTO CENTER STERLING, LLC,

    Defendants.

## ORDER DISMISSING CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION

THIS MATTER comes before the Court on the Defendants' motion to dismiss for lack of subject matter jurisdiction **(#24)**, to which the Plaintiff responded **(#32),** the Defendants replied **(#40,#42).** Having considered the same,[1] the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

Subject matter jurisdiction is contested and is the topic of the instant motion. Thus, for purposes of determining the motion, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### II. Background

When this action was commenced, the Plaintiff was named as Daniel Petersen,

---

[1] The Court does not consider the parties' cross-motions for summary judgment and instead resolves only the jurisdictional issue presented.

"Individually and on behalf of the other heirs and beneficiaries of the Estate of Daniel R. Petersen and Lois J. Petersen." The Plaintiff invoked the Court's subject matter jurisdiction under 28 U.S.C. § 1332, which allows the Court to exercise jurisdiction when parties are completely diverse and the amount in controversy exceeds $75,000.

Based upon the allegations in the original Complaint, the Court was unable to discern whether it had subject matter jurisdiction, because it was unclear whether there was complete diversity among the parties. This was because, under 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." The Court concluded that if the Plaintiff is asserting claims in his capacity as the legal representative of the Estate, then there were no allegations pertaining to the citizenship of the decedents to demonstrate this Court's jurisdiction. The Court then concluded that if the Plaintiff asserts claims on behalf of his sister, Amy Masters, who was identified in the Complaint as an heir, then there were no allegations to support his status as her legal representative, nor were there any allegations pertaining to her citizenship. The Court then directed the Plaintiff to either file an Amended Complaint curing these jurisdictional defects, or to show cause why his claims should not be dismissed.

The Plaintiff filed an Amended Complaint in which he amended the caption of the Amended Complaint, to name the Plaintiff as "Daniel Petersen." In the text, the Plaintiff alleges that he is an Illinois citizen, the decedents were Iowa citizens, and the Defendants are Colorado citizens. He does not purport to assert claims in his representative status on behalf of the estate of the decedents. The Plaintiff asserts claims of negligence and vicarious liability, and seeks to

2

recover for his own injuries – "sadness, grief, emotional distress and loss of enjoyment of life" – as well as economic losses he allegedly incurred because of the death of his parents. The Amended Complaint makes no mention of Amy Masters, and purports to seek no relief on her behalf or on behalf of other heirs. Thus, the Court discharged the order to show cause.

The Defendants now move to dismiss the Plaintiff's claims for lack of subject matter jurisdiction. The Plaintiff opposes the motion.

### III. Issue Presented

The issue presented is whether the Court has subject matter jurisdiction to determine the Plaintiff's claims.

### IV. Standard of Review

Pursuant to Fed. R. Civ. P. 12(b)(1), a party may move to dismiss claims over which the Court lacks subject matter jurisdiction. Rule 12(b)(1) motions generally take one of two forms. *See Stuart v. Colorado Interstate Gas Co.,* 271 F.3d 1221, 1225 (10th Cir. 2001). The moving party may either facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests. *See Maestas v. Lujan,* 351 F.3d 1001, 1013 (10th Cir. 2003). Here, the Defendants primarily make a facial challenge, but they have also submitted the Plaintiff's Rule 26(a)(1) disclosures as evidence to support their motion.

### V. Analysis

The Defendants contend that because the Plaintiff's claims are asserted pursuant to the Colorado Wrongful Death Statute, § 13-21-201, C.R.S., *et seq.*, Ms. Masters is a real party in

3

interest and her citizenship (Colorado) destroys diversity jurisdiction. They contend that under Colorado law, Ms. Masters is a real party in interest because she has an ownership interest in any judgment obtained in this case, and indeed, that she is entitled to a 50% share of any amount awarded.

The Plaintiff responds that although his claims are asserted pursuant to the Colorado Wrongful Death Statute, Ms. Masters is not a real party in interest. He concedes that under Colorado law, only one wrongful death action may be commenced, that he is entitled to recover damages that his sister "has, and will, suffer" [sic], that both he and his sister will own the judgment, and that the judgment must be divided with his sister. However, he contends that she is not a party to this case and her citizenship does not deprive the Court of subject matter jurisdiction.

The parties are in agreement that, under Colorado law, Ms. Masters is entitled to share in the judgment and that the judgment may include damages she sustained. The issue for this Court to determine is whether, under federal law, this renders Ms. Masters a real party in interest whose citizenship must be counted in the jurisdictional analysis. Because this presents a question of subject matter jurisdiction, the burden remains with the Plaintiff to establish that this Court may properly exercise jurisdiction over his claims. *See State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998).

A court must consider the citizenship of an unnamed "real party in interest" when determining whether parties are diverse for purposes of 28 U.S.C. § 1332. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980); *see also Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1241, 1244 (10th Cir. 2005) (citing *Navarro* and *Becker v. Angle*, 165 F.2d

140, 142 (10th Cir. 1947)). A "real party in interest" is one who has the right to bring suit under the applicable substantive law. *See F.D.I.C. v. Geldermann, Inc.,* 975 F.2d 695, 698 (10th Cir. 1992). Pursuant to § 13-21-201(1)(a)(IV), C.R.S., "the heir or heirs of the deceased" may sue for the wrongful death of the deceased. The Colorado Court of Appeals has stated that, for purposes of a wrongful death action, all of a decedent's children are real parties in interest. *See Howlett v. Greenberg,* 530 P.2d 1285, 1288 (Colo. App. 1974) (addressing the 1963 version of the wrongful death statute). Thus, Ms. Masters has a right to sue under the Colorado Wrongful Death Statute and is a real party in interest whose citizenship must be considered in the jurisdictional analysis.

The parties agree that Ms. Masters is a citizen of Colorado. Because both Defendants are also Colorado citizens, the Court lacks subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1332.

**IT IS THEREFORE ORDERED** that the Defendants' motion to dismiss for lack of subject matter jurisdiction **(#24)** is **GRANTED**. The Clerk of Court is directed to close this case.

Dated this 13th day of November, 2007

                              **BY THE COURT:**

                              */s/ Marcia S. Krieger*

                              Marcia S. Krieger
                              United States District Judge